UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER LEE WRIGHT,

     Plaintiff,

v.                                  Case No. 3:22cv2888-LC-HTC

SERGEANT DONALD GUNTER,
et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Walter Lee Wright, FDOC #B04096, a prisoner proceeding *pro se*, initiated this civil rights action by filing a handwritten complaint, seeking to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee and has not shown he is under imminent danger of serious physical injury.

## I.     BACKGROUND

Plaintiff, an inmate of the Florida Department of Corrections, currently incarcerated at Holmes CI, brings claims against three officers (Gunter, Bett and Cox), a nurse (Powell) and a doctor (Witter) at Century Correctional Institution, alleging that on July 1, 2018[1], Cox and Bett applied excessive force, Gunter witnessed it and failed to intervene, and Powell and Witter were deliberately indifferent to Plaintiff's serious medical needs.  ECF Doc.  1 at 3-5.  He complains of "extreme back pain that goes in and out til this day."  *Id.* at 10.  For relief, he asks for "a declaration that the acts and omission described herein violated Plaintiff's right under the constitution and laws of the United States"; punitive damages of $100,000 against each defendant; a jury trial; plaintiff's costs of suit; and "any additional relief this court deems just, proper and equitable."  *Id.*

At the time he filed suit, Plaintiff failed to pay the filing fee or file a motion to proceed *in forma pauperis*, in violation of by Local Rule 5.3 ("A party who files

---

[1] Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under section 1983.  *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003).   A section 1983 claim accrues—and the statute of limitations begins to run—when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir.1987) (citation and internal quotation omitted).  Thus, while this dismissal will be without prejudice, Plaintiff should keep this statute of limitations in mind when proceeding to file a new action. A claim that is filed beyond the applicable statute of limitations period is subject to dismissal with prejudice.

or removes a civil case must simultaneously either pay any fee required under 28

U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C.

§ 1915.").  As discussed below, however, Plaintiff is not eligible to proceed *in forma*

*pauperis*, and, thus, should have remitted the full filing fee with the complaint.

## II.    PLAINTIFF IS A 3-STRIKER AND HIS COMPLAINT DOES NOT ALLEGE AN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has filed

at least three (3) cases which have been dismissed for failure to state a claim or as

frivolous or malicious may not proceed *in forma pauperis*, absent a showing of

imminent danger.  Specifically, 28 U.S.C. § 1915(g), commonly referred to as the

"three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in
> a civil action] if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger
> of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the

filing fee at the time he initiates his lawsuit, and his failure to do so warrants

dismissal of his case without prejudice.  *See Dupree v. Palmer,* 284 F.3d 1234, 1236

(11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss

the complaint without prejudice when it denies the prisoner leave to proceed *in forma*

*pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Despite being a prolific filer, having filed more than a dozen other cases and appeals, Plaintiff did not use this Court's forms, which he knows requires a disclosure of his complete litigation history. Nonetheless, the Court takes judicial notice that Plaintiff has filed the following cases, which have been dismissed for failure to state a claim and thus counts as a strike under § 1915(g):

- *Wright v. Edmond*, 1:2015cv208 (N.D. Fla.) (dismissed April 20, 2016 for failure to comply with court orders and failure to state a claim);

- *Wright v. Miranda*, 1:2016cv22764 (S.D. Fla) (dismissed October 12, 2016 "pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted");

- *Wright v. Pearson*, 1:2017cv24338 (S.D. Fla.) (dismissed January 19, 2018 "pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted");

- *Wright v. Miranda*, 1:2017cv24398 (S.D. Fla.) (dismissed January 25, 2018 "pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted"); and

- *Wright v. Martin*, 17-12014 (11th Cir.) ("ORDER: On its own motion, the court DISMISSES the appeal as frivolous. WHP, AJ and JEC [Entered: 12/19/2017 03:03 PM]").

Thus, for Plaintiff to proceed *in forma pauperis* he must show he is under imminent danger of serious physical injury -- a showing, however, he cannot make. *See* 28 U.S.C. § 1915(g). The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff has not made that showing here. First, the conduct complained of occurred in the past and Plaintiff cannot rely on past conduct to establish imminent danger. *See Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court). Second, the conduct complained of is based solely on events at Plaintiff's *former* institution, Century CI.

Plaintiff, therefore, is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g) and this action should be dismissed on the ground that Plaintiff did not pay the full filing fee at the time he initiated this action. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is respectfully RECOMMENDED:

1.     This case be DISMISSED WITHOUT PREJUDICE because he is a three-striker under 28 U.S.C. § 1915(g) and is not under imminent danger of serious injury.

2.     The clerk be directed to close this file.

At Pensacola, Florida, this 7th day of March, 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.