UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER LEE WRIGHT,

    Plaintiff,

v.                                  Case No. 3:22cv2888-LC-HTC

SERGEANT DONALD GUNTER,
SERGEANT HAROLD COX,
OFFICER BETT,
NURSE A POWELL,
MD F WITTER,

    Defendants.

_____/

**ORDER**

    The magistrate judge issued a Report and Recommendation on March 7, 2022 (ECF No. 3). The court furnished Plaintiff a copy of the Report and Recommendation and afforded him an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed an Objection (ECF No. 6) to the Report, which I have reviewed *de novo*.

    Having considered the Report and Recommendation, and the Objections thereto, I have determined the Report and Recommendation should be adopted. In so doing, the Court notes that some of Plaintiff's objections contain merit. The basis of the magistrate judge's recommendation of dismissal is that Plaintiff has

become subject to the "three strikes" provision of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g).  Plaintiff is correct that one of the previous cases determined to be a "strike," *Wright v. Edmond*, 1:2015cv208 (N.D. Fla.) (dismissed April 20, 2016), should not have been so designated because the case was dismissed for improper joinder and for failure to comply with orders of the court.  *See Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1283-84(11th Cir. 2016) (finding that a dismissal for want of prosecution cannot ordinarily be deemed a strike); *Wood v. Williams*, 725 F. App'x 917, 918 (11th Cir. 2018). Likewise, *Wright v. Miranda*, 1:2016cv22764 (S.D. Fla) (dismissed October 12, 2016), was partly dismissed for failing to state a claim upon which relief could be granted, but was otherwise construed – and dismissed – as a habeas corpus petition under 28 U.S.C. § 2254, which does not warrant a strike.  *Wood*, 725 F. App'x at 918 (citing *Anderson v. Singletary*, 111 F.3d 801 (11th Cir. 1997), and *Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013)); *see also Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1151–52 (D.C. Cir. 2017) ("[I]f a court dismisses one or more of a prisoner's claims for a reason that is not enumerated in the PLRA, the case does not count as a strike.").

Nonetheless, the magistrate judge identified three other cases as strikes, and the Court agrees with that assessment.  Thus, despite the Court's disagreement regarding the two cases above, the magistrate judge's recommendation of dismissal will be adopted.

Accordingly, it is **ORDERED**:

1. Except as described herein, the magistrate judge's Report and Recommendation (ECF No. 3) is adopted and incorporated by reference in this order.

2. The case is **DISMISSED WITHOUT PREJUDICE** because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who did not pay the filing fee and is not under imminent danger of serious injury.

3. The clerk of court is directed to close this case file.

**ORDERED** on this 28th day of April, 2022.

                                                          s/*L.A. Collier*
                                                          Lacey A. Collier
                                                Senior United States District Judge